UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UZI ORA,

    Plaintiff,                                    Case No. 1:16-cv-875

vs.                                                Barrett, J.
                                                    Bowman, M.J.

FITNESS INTERNATIONAL, LLC,

    Defendant.

**REPORT AND RECOMMENDATION**

This civil action is before the Court on Defendants' motion for partial summary judgment and Plaintiff's response thereto. Notably, Plaintiff does not oppose the motion. For the reason's that follow, the undersigned finds that Defendant's motion is well-taken.

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

1

Here, Plaintiff initiated this public accommodation action under Title II of the Civil Rights act of 1964.  Plaintiff's complaint alleges that Defendant revoked Plaintiff's gym membership based upon Plaintiff's race, religion, color and national origin.  Plaintiff seeks monetary relief and punitive damages under Title II.

Defendant's now move for summary judgment as to the monetary damages portion of Plaintiff claim for relief brought pursuant to Title II of the Civil Rights Act.  Notably, "Title II entitles successful Plaintiff's to injunctive relief only." *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 242 (6th Cir. 1990).  Plaintiff does not dispute this assertion.  Accordingly, Defendant's motion for summary judgment is granted in this regard.[1]

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion for partial summary judgment (Docs. 23) be **GRANTED** and Plaintiff's claim for monetary damages for relief sought pursuant to Title II of the Civil Rights Act be dismissed.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Defendant's also request to vacate the referral of this matter for Alternative Dispute Resolution. Defendant contends that ADR will not help resolve this matter because it involves injunctive relief.  Defendant's contention is unsupported and not well-taken.  Furthermore, this matter has now been schedule for mediation and therefore this issue appears to be moot.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

UZI ORA,

    Plaintiff,                                    Case No. 1:16-cv-875

vs.                                              Barrett, J.
                                                  Bowman, M.J.

FITNESS INTERNATIONAL, LLC,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

3