**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UZI ORA,

    Plaintiff,                                   Case No. 1:16-cv-875

       vs.                                     Barrett, J.
                                               Bowman, M.J.

FITNESS INTERNATIONAL, LLC,

    Defendant.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motions for leave to amend his complaint. (Docs. 58, 69). Upon careful consideration, the undersigned finds that Plaintiff's motions for leave to amend are not well-taken.

*A. Background and Facts*

Plaintiff's current complaint is based upon an alleged statutory violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a et seq., i.e. the "public accommodations" provision, and an alleged statutory violation of Ohio Revised Code § 4122.02(G), i.e. the "public accommodations" section of the Ohio Civil Rights Commission against one defendant, Fitness International LLC. Plaintiff's claims arise out of the revocation of his membership to LA Fitness in Cincinnati, Ohio. Notably, Plaintiff alleges that LA Fitness discriminated against him based on his national origin.

Plaintiff now seeks to amend his complaint to add a count for racial discrimination in violation of 42 U.S.C. § 1981, retaliation in violation of O.R.C. § 4112.02(I), conspiracy in violation of O.R.C. § 4112.02(J), breach of contract under Ohio common

law, and negligence under Ohio common law. Additionally, Plaintiff is seeking to add multiple individual defendants.

    *B. Standard of Review*

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*C. Plaintiff's motions for leave to amend are not well-taken (Docs.58, 69)*

As noted above, Plaintiff's seeks to amend his complaint to add a count for racial discrimination in violation of 42 U.S.C. § 1981, retaliation in violation of O.R.C. § 4112.02(I), conspiracy in violation of O.R.C. § 4112.02(J), breach of contract under Ohio common law, and negligence under Ohio common law. Additionally, Plaintiff is seeking to add multiple individual defendants, including corporate counsel for LA Fitness. Plaintiff's proposed amendments would cause undue delay and are also futile.

Notably, Plaintiff has failed to alleged sufficient facts to state a claim under § 1981. In order to state a claim for relief under 42 U.S.C. § 1981, a plaintiff must allege facts in support of the following prima facie elements: (1) the plaintiff is a member of a racial minority; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in § 1981 (i.e, the right to make and enforce contracts; sue and be sued; give evidence, etc.). *Johnson v. Harrell*, 142 F.3d 434 (unpubl.), 1998 WL 57356, at *2 (6th Cir.Feb.2, 1998); *Burton v. Plastics Research Corp.*, 134 F.Supp.2d 881, 886 (E.D.Mich.2001). Here, Plaintiff has failed to include any facts or allegations to show intentional or purposeful discrimination by Defendant.

Similarly, Plaintiff also fails to alleged sufficient facts to state a claim for retaliation. In that regard, to set forth "a *prima facie* case . . . for retaliation [arising from the claimant's] participation in a protected activity under R.C. 4112.02(I), [the claimant's] pleading must sufficiently set forth facts establishing the following four elements: (1) claimant engaged in a protected activity; (2) claimant's engagement in the protected activity was known to the opposing party; (3) the opposing party thereafter took adverse

action against the claimant; and, (4) there exists a causal connection between the protected activity and the adverse action." *Hughes v. Miller*, 181 Ohio App.3d 440, at ¶ 29. Notably, Plaintiff fails to alleged that he was engaged in a protected activity as defined by the Ohio Revised Code.

Plaintiff's proposed state law claims for breach of contract and negligence would also be futile, as Plaintiff has failed to include sufficient allegations in support of either claim.

Additionally, Plaintiff's request to add additional defendants is also not well-taken. As noted by Defendant, naming individual employees does not provide Plaintiff with any greater damages and Fitness International has the ability to pay any settlement or judgment. Even assuming there would be a settlement or judgment naming individual employees only complicates this matter and does not provide Plaintiff with any additional advantages or opportunities. Moreover, to the extent Plaintiff seeks to add Defendant's corporate counsel as a party defendant, attorneys are immune from claims relating to his or her performance as an attorney by third parties. *Scholler v. Scholler*, 10 Ohio St.3d 98, 103, 462 N.E.2d 158, 163 (1984); *citing Petrey v. Simon* (1983), 4 Ohio St.3d 154, 157, 158-159, 447 N.E.2d 1285. Corporate counsel is also entitled to attorney client privilege and work product immunity under Ohio law.

For these reasons, it is herein **RECOMMENDED** that Plaintiff's motions for leave to amend the complaint (Docs. 58, 69) be **DENIED.** [1]

                                   */s Stephanie K. Bowman*
                                   Stephanie K. Bowman
                                   United States Magistrate Judge

---

[1] In light of this recommendation, Defendant's pending motion to strike Plaintiff's most recent leave to amend (Doc. 75) is **DENIED as MOOT**.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UZI ORA,

    Plaintiff,                                       Case No. 1:16-cv-875

    vs.                                              Barrett, J.
                                                          Bowman, M.J.

FITNESS INTERNATIONAL, LLC,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).