UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Uzi Ora,

       Plaintiff,                                                  Case No. 1:16cv875

       v.                                                       Judge Michael R. Barrett

Fitness International, LLC,

       Defendant.

## OPINION & ORDER

This matter is before the Court upon the Magistrate Judge's September 19, 2017 Report and Recommendation ("R&R"). (Doc. 94). The Magistrate Judge recommends denying Plaintiff's Motions for Leave to Amend the Complaint (Docs. 58, 69).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed objections to the R&R. (Doc. 139).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to

object." *Drew v. Tessmer*, 36 Fed.Appx. 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Plaintiff's objections barely meet this threshold.

Plaintiff is proceeding pro se in this matter. Plaintiff seeks to amend his amended complaint to add claims for racial discrimination in violation of 42 U.S.C. § 1981, retaliation in violation of Ohio Revised Code § 4112.02(I), conspiracy in violation of Ohio Revised Code § 4112.02(J), breach of contract under Ohio common law, and negligence under Ohio common law. Plaintiff is also seeking to add multiple individual defendants, including corporate counsel for LA Fitness.

Federal Rule of Civil Procedure 15(a)(2) provides that a Court "should freely give leave [to amend] when justice so requires." A motion to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 220 (2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Magistrate Judge concluded that Plaintiff's proposed amendments would cause undue delay and are also futile. Plaintiff's objections appear to be limited to the Magistrate Judge's decision as it relates to the proposed claims for racial discrimination in violation of 42 U.S.C. § 1981, retaliation in violation of Ohio Revised Code § 4112.02(I), negligence and breach of contract.

As to the claim for racial discrimination in violation of 42 U.S.C. § 1981, the Magistrate Judge found that Plaintiff failed to allege any facts to show intentional or purposeful discrimination.

A cause of action under § 1981 may be brought when a plaintiff has suffered an injury flowing from the racially-motivated breach of his contractual relationship with another party. *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 626 (6th Cir. 2013) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 480, 126 S.Ct. 1246, 163 L.Ed.2d 1069 (2006)). The Court finds that the Magistrate Judge did not err in concluding that Plaintiff failed to allege any facts to show intentional or purposeful discrimination. Plaintiff's objections only state that Defendant "failed, refused to cooperate, investigate or act." (Doc. 139, PAGEID #1777). A complaint that allows the court to infer only a "mere possibility of misconduct," is insufficient to "show" that the complainant is entitled to relief and fails to meet the pleading requirements of Federal Rule of Civil Procedure 8. *Sam Han*, 541 F. App'x at 626 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

As to the claim for retaliation in violation of Ohio Revised Code § 4112.02(I), the Magistrate Judge noted that Plaintiff failed to allege that he was engaged in a protected activity as defined by the Ohio Revised Code. Plaintiff states he objects to this finding for the same reason as the objection to the ruling on Section 1981. However, Plaintiff has not clarified what actions constituted his protected activity. Therefore, the Court finds no err in the Magistrate Judge's conclusion on this point.

As to the claim for breach of contract and negligence under Ohio common law, Plaintiff does not make any arguments, and instead references the exhibits attached to

3

his objections. (Doc. 139, PAGEID #1781). While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *pro se* plaintiffs must still satisfy basic pleading requirements. *Edwards v. Univ. of Dayton*, 142 F. Supp. 3d 605, 607 (S.D. Ohio 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Plaintiff's pleadings do not meet this standard, and his objections provide very little guidance as to the basis of these claims. Therefore, the Court finds that the Magistrate Judge did not err in concluding that Plaintiff failed to include sufficient allegations in support of these claims.

Based on the foregoing, the Magistrate Judge's September 19, 2017 R&R (Doc. 94) is **ADOPTED**. Accordingly, Plaintiff's Motions for Leave to Amend the Complaint (Docs. 58, 69) are **DENIED**.

**IT IS SO ORDERED.**

                                        */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT