## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

UZI ORA,

    Plaintiff,                                       Case No. 1:16-cv-875

       vs.                                            Barrett, J.
                                                       Bowman, M.J.

FITNESS INTERNATIONAL, LLC,

    Defendant.

## REPORT AND RECOMMENDATION

On March 14, 2018, the undersigned held a status conference, by phone, to address, *inter alia,* Plaintiff's motion to reopen discovery. (Doc. 138). The Court denied Plaintiff's motion to reopen discovery and granted Plaintiff an extension of time until April 11, 2018 in which to response to Defendants pending motions for summary judgment. (Docs. 127, 129). The Court further warned Plaintiff that "no further extensions of time will be granted ABSENT EXTREME GOOD CAUSE SHOWN. Any such request must be accompanied with the required documentation in support (i.e., proof of a period of hospitalization)." (Doc. 138). Thereafter, on April 11, 2018, Plaintiff filed a motion to dismiss without prejudice (Doc. 141), failing to respond to defendants' motion for summary judgment. (Doc. 141).

Accordingly, for the reasons stated below, the undersigned finds that Defendants' motions for summary judgment are well-taken and should be granted. This matter is also properly dismissed for Plaintiff's lack of prosecution and repeated failures to obey Court Orders.

Notably, despite numerous extensions, Plaintiff has failed to respond to Defendants' motions for summary judgment. The unopposed motions for summary judgment have now been pending for nearly six months. The undersigned has reviewed the motions and finds them to be well-reasoned and well-supported. Based upon the grounds advocated by the Defendants, they are entitled to judgment as a matter of law because Plaintiff has failed to establish a *prima facie* case of discrimination. Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his discrimination claims.

Last but not least, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute. Plaintiff was explicitly warned in the Court's last order that a failure to respond "will result" in the recommendation that the Defendants' motion be granted. Thus, Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, the undersigned **RECOMMENDS** that Defendant's motions for summary judgment (Docs. 127, 129) be **GRANTED** and all remaining pending motions (Docs. 137, 141, 142) be **DENIED as MOOT**. It is further **RECOMMENDED** that Plaintiff's case be **DISMISSED** for want of prosecution and for failure to obey a Court Order; and that this case be **CLOSED.**

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

UZI ORA,

    Plaintiff,

        vs.

FITNESS INTERNATIONAL, LLC,

    Defendant.

Case No. 1:16-cv-875

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4