UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Uzi Ora,

    Plaintiff,                                                Case No. 1:16cv875

    v.                                                       Judge Michael R. Barrett

Fitness International, LLC,

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 9, 2018 Report and Recommendation ("R&R"). (Doc. 151). The Magistrate Judge recommends that Defendant's Motions for Summary Judgment (Docs. 127, 129) be granted and all remaining pending motions (Docs. 137, 141, 142) be denied as moot. The Magistrate Judge also recommends that Plaintiff's case be dismissed for want of prosecution and for failure to obey a Court Order; and that this case be closed.

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiff filed objections on September 13, 2018. (Doc. 157).

When objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision;

receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). However, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 Fed.Appx. 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff is proceeding *pro se* in this matter. However, the Court notes that for a period of time, Plaintiff was represented by counsel. (See Docs. 20, 34, 41). Plaintiff claims violations of the "public accommodations" provision of Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a *et seq.*, and the "public accommodation" statute under Ohio law, Ohio Revised Code § 4112.02(G). (Doc. 25). Plaintiff claims against Defendant arise out of the termination of his membership to a LA Fitness gym operated by Defendant. Plaintiff alleges that Defendant discriminated against him based on his national origin.

In her August 9, 2018 R&R, the Magistrate Judge addressed several pending motions. The Magistrate Judge explained that Plaintiff was granted an extension of time until April 11, 2018 to respond Defendant's Motions for Summary Judgment (Doc. 127, 129). The Magistrate Judge noted that rather than file a response to Defendant's motions, Plaintiff instead filed a Motion to Dismiss without prejudice (Doc. 141). The Magistrate Judge recommends that Defendant's Motions for Summary Judgment be granted, and all remaining pending motions be denied as moot. The Magistrate Judge also recommends that Plaintiff's case be dismissed for want of prosecution and for

failure to obey a Court order.

In his objections, Plaintiff explains that he wanted to dismiss this action without prejudice due to his lack of counsel and money. Once a defendant has filed an answer or motion for summary judgment, Federal Rule of Civil Procedure 41(a)(2) applies to the dismissal of claims at the request of the plaintiff. In *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994), the Sixth Circuit explained that the decision to allow a voluntary dismissal without prejudice lies within the "sound discretion" of the district court. The court must ensure that dismissal does not result in "plain legal prejudice" to the defendant. Factors to be considered include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*. The Court finds that these factors do not weigh in favor of dismissal. Therefore, the Magistrate Judge did not err in denying Plaintiff's Motion to Dismiss without Prejudice (Doc. 141).

Plaintiff also explains that he belatedly realized his need for discovery, but the Magistrate Judge refused to re-open the discovery period. The Court notes that on October 16, 2017, the Magistrate Judge granted Plaintiff's Rule 56(d) Motion for Discovery, and extended the discovery deadline from October 30, 2017 until January 2, 2018. (Doc. 103). Then on March 13, 2018, Plaintiff moved to reopen discovery. (Doc. 137). During an in-person status conference, the Magistrate Judge denied Plaintiff's request to re-open discovery, but did grant Plaintiff an extension to respond to Defendant's Motions for Summary Judgment. (Doc. 138). The Court finds no error in

the Magistrate Judge's decision to deny Plaintiff an extension of time to extend the period of discovery a second time after Defendant filed its Motions for Summary Judgment. Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991); *see also McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003) ("Ordinary civil litigants proceeding *pro se . . .* are not entitled to special treatment, including assistance in regards to responding to dispositive motions.") (citing *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988)).

Finally, Plaintiff argues that even though Plaintiff did not file a response to Defendant's Motions for Summary Judgment, the Court is still required to examine the motions carefully to determine whether it should be granted.

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a summary judgment motion goes unopposed, a court may rely "on the facts advanced by the movant." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404-405, 407 (6th Cir. 1992). However, a court must still "review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014).

Under Title II "[a]ll persons shall be entitled to the full and equal enjoyment of the

goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. The Ohio counterpart to Title II provides that it shall be an unlawful discriminatory practice "[f]or any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation." Ohio Rev. Code § 4112.02(G).

Plaintiff has not made an allegation suggesting direct evidence of discrimination. To establish a *prima facie* case of discrimination under Title II relying on circumstantial evidence, a plaintiff must show that he (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment by the defendants; and (4) was treated less favorably by the defendants than similarly situated persons who are not members of the protected class. *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605-606 (S.D. Ohio 2016) (adopting burden-shifting analysis from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed. 2d 668 (1973)). "The burden of production then shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions." *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 868 (6th Cir. 2001). The plaintiff must then prove by a preponderance of the evidence that the defendant's proffered reason is not its true reason but a pretext for discrimination. *Id.*

Even if Plaintiff were able to make a *prima facie* showing of discrimination, under

5

the burden-shifting analysis, Defendant has identified non-discriminatory reasons for revoking his gym membership. Defendant has stated that Plaintiff's membership was revoked based upon his behavior and conduct while he was at LA Fitness. Specifically, Plaintiff used homosexual slurs toward another member of the gym in the locker room. (Doc. 114, Richard Joslyn Dep. at 15-20). Plaintiff also became very loud and aggressive, and threatened this person with violence. (Id.) When Richard Joslyn, the General Manager of the LA Fitness gym, spoke to Plaintiff and told him that his language and behavior were not acceptable, Plaintiff responded by becoming "very escalated" and "cursed" at Joslyn. (Id. at 17-18). Courts have held that violent threats are a non-discriminatory reason under this analysis. *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 675 (E.D. Mich. 2011) (citing *Smith v. Leggett Wire Co.*, 220 F.3d 752, 759 (6th Cir. 2000) (race discrimination in employment; "Smith's death threat constituted a legitimate nondiscriminatory reason for firing him."); *Green v. Burton Rubber Processing, Inc.*, 30 Fed.Appx. 466, 470 (6th Cir. 2002) ("We agree with the Seventh Circuit that employees who threaten violent acts cannot be reasonably accommodated . . .")). Plaintiff has not presented evidence that Defendant's reason for revoking his membership is pretextual.

Moreover, the limited remedy available under Title II is injunctive relief. 42 U.S.C. § 2000a-3; *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263, 1265 (1968) ("[i]f he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority."). In his Amended Complaint, Plaintiff seeks restoration of his membership with Defendant; identification of the club member who

assaulted Plaintiff; emotional distress damages; punitive damages; and attorney fees. (Doc. 25, PAGEID# 87).  To the extent Plaintiff does not seek injunctive relief, Plaintiff would not be able to recover the relief he requests because money damages are not available.

Based on the foregoing, the Magistrate Judge's August 9, 2018 R&R (Doc. 151) is **ADOPTED**.  It is hereby **ORDERED** that:

1. Defendant's Motions for Summary Judgment (Docs. 127, 129) are GRANTED;
2. All remaining pending motions (Docs. 137, 141, 142) are DENIED as MOOT;
3. This matter is CLOSED and TERMINATED from the active docket of this Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT